GEORGE F. HALL *vs.* DOROTHEA PEYSER.

Suffolk. Nov. 27, 1878. — Jan. 15, 1879. COLT & MORTON, JJ., absent.

In an action on a guaranty, by which the defendant guaranteed to the plaintiff the payment "of all indebtedness which A. may incur for purchase of goods, wares and merchandise" from the plaintiff, it appeared that B. had delivered goods at various times to A., to be by him manufactured for and returned to B.; that B. was to pay A. for his services in manufacturing the goods; that A did not return the goods, but converted them to his own use; that B. requested A. to return the goods, at the same time charging him with such conversion; that A. then requested B. to make a bill of the goods to the plaintiff, which he did, and the plaintiff then made a bill of the same to A.; and that this arrangement was made after the delivery of all the goods by B. to A. It was admitted by the plaintiff, that he had never had possession of the goods. *Held,* that the transaction was not a sale, within the meaning of the guaranty.

CONTRACT on the following instrument in writing, dated October 2, 1876, and signed by the defendant: "In consideration of one dollar to me paid by George F. Hall, of Boston, and for the purpose of securing a credit with him for Isidore Patterson, I hereby guarantee the full and punctual payment to George F. Hall of all indebtedness which said Isidore Patterson may incur for purchase of goods, wares and merchandise from said George F. Hall, whether such purchase shall be made on credit or otherwise, or secured by note or otherwise, without requiring notice of any kind with respect thereto. This guaranty to be an open and continuing one until revoked by notice in writing from me; it being understood that her liability thereunder shall not at any one time exceed one thousand dollars." Answer, a general denial.

At the trial in the Superior Court, before *Dewey,* J., without a jury, it was admitted that, on October 10, 1877, there was due to the plaintiff, for merchandise previously sold and delivered by him to Patterson, the sum of $53.32. The plaintiff offered evidence that, prior to October 10, the firm of Sayre & North, of New York, had delivered goods at different times to Patterson to be by her manufactured for them and returned to them; that they were to pay her for her services in manufacturing the goods; that she did not return the goods, but disposed of the same for her own use and benefit, and thereafter, about October 10, they requested her to return the goods, at the same time

charging her with having wrongfully disposed of them for her own benefit; that she then requested them to make a bill of the goods to the plaintiff; that they did so, and the plaintiff made a bill of the same to Patterson; and that this arrangement was made after the delivery of all the goods to Patterson by Sayre & North. The plaintiff admitted that he had never had possession of the goods. These goods amounted to $576.60.

Upon this evidence the judge ruled that the plaintiff could only recover for the goods actually sold and delivered by him to Patterson; and found for the plaintiff in the sum of $53.32, and interest. The plaintiff alleged exceptions.

*E. P. Brown*, for the plaintiff.

*W. S. Macfarlane*, for the defendant.

AMES, J. The transaction described in this bill of exceptions was a mere evasion of the plain meaning of the defendant's contract. There was no sale by Sayre & North to the plaintiff. The goods never were his property, or in his possession, and he never sold them to Patterson. It was correctly ruled that the plaintiff was not entitled to recover anything beyond the charge for merchandise delivered before October 10, 1877.

*Exceptions overruled.*